IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **BEN McINTOSH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:11CV139-R |
| v. | ) |
| | ) JURY DEMAND |
| **SILLS CYCLE CENTER, INC. d/b/a** | ) |
| **FOUR RIVERS HARLEY DAVIDSON,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Ben McIntosh, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant Sills Cycle Center, Inc. doing business as Four Rivers Harley Davidson for failure to compensate Plaintiff for all hours worked, for unpaid overtime compensation, and for related penalties and damages. Plaintiff alleges that Defendant failed and refused to pay him straight-time pay for all hours worked and failed and refused to pay him overtime pay for overtime worked.

2. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff seeks injunctive and declaratory relief; straight-time premiums for all hours worked and not compensated; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. Defendant's practice and policy is, and for the past three years has been, to willfully fail to compensate Plaintiff for all hours worked while employed by Defendant and to willfully fail and refuse to pay overtime compensation due and owing to Plaintiff in violation of the FLSA. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay for all time worked and refusing to pay for all hours worked in the work week over forty, notwithstanding that Plaintiff was entitled to overtime pay under the FLSA.

4. Plaintiff worked hours for which he has not been paid and worked overtime hours for which he has not been paid during the last three years.

## THE PARTIES

5. Plaintiff is and, at all relevant times, has been a resident of McCracken County, Kentucky.

6. Defendant Sills Cycle Center, Inc. is a Kentucky corporation doing business as Four Rivers Harley Davidson with its principal place of business at 3005 Old Husbands Road, Paducah, KY 42003. Defendant's registered agent for service of process is Jerry Carter, who may be served at 3005 Old Husbands Road, Paducah, KY 42003.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claim pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in McCracken County, Kentucky, which is located within this judicial district.

## **FACTUAL BACKGROUND**

9. Defendant failed or refused to pay its employees for all time worked and for all overtime hours worked.

10. Defendant employed Plaintiff as a motorcycle mechanic. Plaintiff's primary duties involved using accepted diagnostic methods to identify mechanical problems with customer's motorcycles and then to repair the motorcycles using standard mechanical techniques.

11. Defendant paid Plaintiff a flat rate for each customer.

12. Defendant recorded the time Plaintiff spent working on each job.

13. Defendant, however, only paid Plaintiff the flat rate and did not pay Plaintiff based on the number of hours spent on each particular job.

14. Further, Defendant only paid Plaintiff for hours spent working on a customer job. Defendant did not compensate Plaintiff for hours he was required to be at Defendant's facility but was engaged in functions other than working on a customer job that had been assigned to him.

15. On some occasions, Defendant refused to pay Plaintiff even the flat rate for a job, resulting in Plaintiff performing work for which he received no compensation.

16. Management was aware that Plaintiff did not get compensated for all time worked.

17. Further, as a result of this off-the-clock work time, Plaintiff worked in excess of forty hours in various work weeks for which he was not paid overtime at the statutory rate.

18. Additionally, Defendant deducted money from Plaintiff's pay checks for a uniform cleaning service over Plaintiff's objection, even though Plaintiff did not use the service.

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

19. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 18 as if they were set forth fully herein.

20. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

21. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

22. Plaintiff was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff was entitled to be paid compensation for all hours worked and to be paid overtime compensation for all overtime hours worked.

23. As a result of Defendant's failure to compensate Plaintiff for all hours worked and its failure to compensate Plaintiff at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That the Court enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

3. That a jury of eight try this cause;

4. That the Court enter an injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth herein;

5. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

6. That the Plaintiff be awarded liquidated damages equal to the amount of his lost compensation pursuant to 29 U.S.C. § 216(b);

7. That costs and discretionary costs be taxed against Defendant;

8. That Plaintiff be awarded his attorneys' fees incurred in this matter against Defendant pursuant to 29 U.S.C. § 216(b);

9. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,


s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
            TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Ben McIntosh*